Christine Haw (SBN 289351)
chaw@slpattorney.com
Carey B. Wood (SBN 292447)
cwood@slpattorney.com
**STRATEGIC LEGAL PRACTICES**
**A PROFESSIONAL CORPORATION**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

Attorneys for Plaintiff KRISTI ROEHM

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTI ROEHM,<br><br>  Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No.: 3:18-CV-01278-JM-JMA<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND TO SAN DIEGO SUPERIOR COURT** |

i

## I. INTRODUCTION

Defendant effectively admits that its $75,001 offer (1) was arbitrary and not based on the facts of this case and (2) contained multiple illegal provisions that California state courts routinely reject. These admissions confirm that Defendant's removal was improper, as explained below. Further, Defendant now changes its position from previous cases, prejudicing Plaintiff in this case. Finally, Defendant provides no reason why it waited many months before deciding to make its arbitrary offer. Thus, Defendant should be estopped from engaging in gamesmanship by removing Plaintiff's case at the eleventh hour.

## II. FORD HAS FAILED TO CARRY ITS HEAVY BURDEN

### A. Defendant Has Not Met the Amount in Controversy Requirement

Defendant's Opposition hinges on the assumption that an offer can only be rejected because the amount was insufficient, and not because it contained illegal provisions. Under this (misguided) theory, Plaintiff's non-acceptance of Defendant's offer constitutes evidence that the amount in controversy exceeds $75,000. Defendant's theory is profoundly wrong.

As a threshold matter, Defendant's Opposition fails to cite any authority for its position that a ***defendant's*** settlement offer constitutes evidence of the amount in controversy. Defendant's silence on this score in unsurprising, however, given that the Ninth Circuit has found only that a ***plaintiff's*** settlement offer—not a defendant's settlement offer—is evidence of the amount in controversy. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).[1] Defendant's offer—its sole piece of "evidence"—is therefore immaterial to the amount in controversy analysis.[2] This is reason alone to remand this action to state court.

Yet even if a defendant's offer could be considered in the amount in controversy analysis, Defendant has not presented—could not present—any evidence that the offer reflects the value of this litigation. This is because Defendant has admitted that its offer was

---

[1] *See also Foltz v. Integon Nat. Ins. Co.*, No. 1:14-CV-00907-KJM, 2014 WL 4960765, at *5 (E.D. Cal. Oct. 2, 2014) (finding *plaintiff's* settlement offer was relevant evidence of the amount in controversy); *Threadgill v. Mclane/Suneast, Inc.*, No. EDCV 14-2269 JGB SPX, 2015 WL 114203, at *7 (C.D. Cal. Jan. 8, 2015) (same).

[2] If it were otherwise, a defendant would automatically be able to remove a case to federal court by extending an offer that exceeded $75,000, regardless of the facts of the case.

1

arbitrary. (*see generally* Opp. [failing to dispute that its offer was arbitrary].) An arbitrary settlement offer does not reflect the value of the litigation and therefore cannot serve as evidence of the amount in controversy.

Moreover, as explained in Plaintiff's moving papers, there are many reasons why a settlement offer may be rejected independent of its amount, including the illegality of the offer; Defendant has not presented any evidence that Plaintiff's non-acceptance resulted from the insufficiency of the amount vs. the offer's illegality. To the contrary, Defendant effectively concedes—by not disputing—that its offer contained multiple illegal provisions and was invalid as a matter of law.

Plaintiff has cited multiple cases holding that an invalid offer is tantamount to *no offer at all*.[3] A simple thought experiment suffices to illustrate the fallacy in Defendant's reasoning. Here, Defendant presented an offer for $75,001 that included numerous (concededly) illegal provisions: *e.g.*, the offer did not indicate whether Plaintiff would be deemed the prevailing party, did not indicate whether Defendant would brand the Subject Vehicle as a lemon (as required under California's Lemon Law), did not provide for the entry of judgment, did not specify the timing of payment, and, most important, conditioned the settlement on the acceptance of a vague and ambiguous release whose terms Defendant never disclosed. As explained in Plaintiff's moving papers and above (in footnote 4), California state courts routinely find such provisions invalid. Assume, however, that instead of these specific illegal provisions, Defendant had instead inserted other illegal provisions into the offer: for example, that Plaintiff would receive payment in the form of stolen goods.

---

[3] *See Goglin v. BMW of North America,* LLC, 4 Cal. App. 5th 462 (2016) (holding that rejecting a prelitigation settlement because of "unfavorable extraneous terms … was not unreasonable."); *Sanford*, *supra*, 246 Cal. App. 4th at 1130-32 (holding a settlement offer that required execution of an undisclosed "settlement agreement and general release" was invalid); *McKenzie v. Ford Motor Company*, 238 Cal. App. 4th 695, 706 (2015) (explaining that the inclusion of extraneous and improper nonfinancial terms invalidates a settlement offer); *Valentino*, *supra*, 201 Cal.App.3d at 698 (invalidating settlement offer that required relinquishment of claims in addition to those contained in the complaint); *Gezalyan v. BMW of N. Am., LLC*, 697 F.Supp.2d 1168, 1170 (C.D. Cal 2010) (plaintiff properly rejected a repurchase offer containing numerous nonfinancial conditions not authorized by the Song-Beverly Act, including requiring agreement to a general release and a confidentiality clause).

Under Defendant's approach, the only conceivable reason Plaintiff could reject such an offer is because Plaintiff believed that the offer was insufficient in amount. To merely read this argument, however, is to understand its fundamental illogic.

Finally, Defendant's Opposition totally misses the point. Defendant has now changed its tune, stating that that the Complaint does not provide enough information for purposes of removal. Thus, Defendant must show by a preponderance of the evidence that the case is removable. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *See also Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The only evidence that Defendant has offered for this proposition is that Plaintiff did not respond to its offer. This simply does not meet Defendant's burden to prove that amount in controversy requirement.

### B.   Ford Has Not Shown That Plaintiff is a Citizen of California

Defendant argues that *Metropoulos v. BMW of N. Am., LLC*, 2017 WL 564205 (C.D. Cal. Feb. 9, 2017) is distinguishable merely because it was issued "sua sponte," rather than after briefing by the parties. However, Defendant cannot dispute that the facts are nearly identical to those presented here. Here, as in *Metropolous*, Plaintiff's Complaint does not make reference to her state of domicile for purposes of diversity of citizenship. Thus, Defendant has not presented sufficient evidence to support a finding of complete diversity in this case. Defendant further conflates the burden of proof. Plaintiff does not need to "deny" that she is a citizen of California. Rather Defendant must show that Plaintiff is a citizen of California, which it has not done.

### C.   Defendant's Removal Was Untimely
#### a.   Judicial Estoppel applies here

As explained in Plaintiff's moving papers, Ford routinely attempts to remove Lemon Law cases to federal court as part of its broader litigation strategy. *See, e.g.*, *Blowers v. Ford Motor Co.*, 2018 WL 654415 (C.D. Cal. Jan. 30, 2018) and *Jimenez v. Ford Motor Co.*, 2018 WL 2734848 (C.D. Cal. June 5, 2018). In its notices of removal, Ford ***explicitly*** takes the position that plaintiffs' complaints disclose a basis for removal: specifically, that the complaints disclose an amount in controversy that exceeds $75,000. (*See* Plt RJN at Ex. 1

[excerpts from *Blowers* Not. of Removal] ¶¶ 14-22 ["However, it is established on the face of the complaint that the amount in controversy in this action exceeds $75,000 (exclusive of interests and costs)."] and *id.* at Ex. 2 [excerpts from *Jimenez* Not. of Removal] ¶¶ 21-28 [same].)

The allegations in those complaints are *virtually identical* to the allegations in Plaintiff's complaint here. Even so, Defendant now takes the position that those allegations do not disclose a basis for removal—a position directly contrary to the one it has taken in the past. Defendant's inconsistent position here is therefore barred by the judicial estoppel doctrine.

Defendant has admitted that its offer here was arbitrary. This means, of course, that Defendant made the offer without regard to the facts of the case, including the make or model year of the vehicle, the price of the vehicle, or the repair history.

The plaintiffs in those cases were forced to file motions to remand specifically arguing that Defendant had improperly removed the case. *See generally*, *Jimenez* (granting plaintiff's motion to remand); *Blowers* (same). These motions would not have been necessary had the courts remanded *sua sponte*. The courts, however, presumably declined to do so in reliance on Defendant's representations that the amount in controversy requirements were satisfied. Defendant has thus profited from its prior position. The judicial estoppel doctrine, in turn, precludes Defendant from taking the position that Plaintiff's complaint here did not disclose a basis for removal. Consequently, Defendant's Notice of Removal was untimely.[4]

### b. Defendant Was On Notice of Facts Relating to Removal

Despite the fact that Defendant has taken an entirely inconsistent position here than in every other case where it has filed a notice of removal, Defendant relies on *Harris* for the proposition that Ford did not have sufficient information in the Complaint for purposes of

---

[4] Additionally, Defendant, has effectively admitted that its offer was arbitrary. Accordingly, there is no reason why Defendant would not have immediately served that arbitrary offer.

4

the amount in controversy, and had no obligation to investigate the facts relating to the damages this case. However, *Harris* holds as follows:

> We now conclude that notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. Thus, the first thirty-day requirement is triggered by defendant's receipt of an "initial pleading" that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is "not removable" at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives "an amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper.

*Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) Ford intentionally omits any evidence of when it received a copy of the relevant sales contract from the dealership. (Def.'s Notice of Removal) Defendant Ford is also in possession of documents indicating the value of the vehicle in the form of Manufacturer's suggested retail price ("MSRP") documents giving Defendant Ford notice of the sales price of the vehicle from the **inception of the action**. For purposes of the *Harris* analysis, these documents are "papers" that would have put Defendant on notice of the removability of the action. As above, Defendant has the burden of showing the removability of the action. Thus, because Ford has not established when it received these "papers," it cannot prove that it removed this case within thirty days of receipt of the document that indicated whether removal was proper. Thus, Defendant's argument that it had no "duty" to investigate misses the point. Once Defendant was on notice of the possible removability of the action[5], the 30-day clock started. Thus, the 30-day clock has long run out. Therefore, even if the Court decides that Defendant can proceed with its inconsistent and prejudicial position, Defendant still cannot establish that it timely filed its notice of removal in this case.

///

///

---

[5] As above, Defendant has not submitted any evidence that establishes that this matter is actually removable for purposes of the amount in controversy, or diversity.

### c. Defendant was on notice of Plaintiff's Magnuson Moss claims

Finally, it is clear that Plaintiff's initial complaint, filed on August 28, 2017, stated a claim under the Magnuson-Moss Warranty Act, a federal statute. (*See* Notice of Removal p. 3) Therefore, the removability of this action, based on a federal question, appeared on the face of the initial complaint. Therefore, Defendant's removal is clearly untimely for this reason as well.

## III.   CONCLUSION

For these reasons, the Court should remand this action to San Diego Superior Court.

Dated:  August 31, 2018

Respectfully submitted,
Strategic Legal Practices, APC

By: */s/Carey B. Wood*
Carey B. Wood, Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Los Angeles, California; my business address is Strategic Legal Practices, 1840 Century Park East, Suite 430, Los Angeles, CA 90067.

On the date below, I served a copy of the foregoing document entitled:

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND TO SAN DIEGO SUPERIOR COURT**

on the interested parties in said case as follows:

**Served Electronically
Via the Court's CM/ECF System**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Los Angeles, California on August 31, 2018.

| Katrina Gorgy | */s/ Katrina Gorgy* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |