# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTI ROEHM,<br><br>       Plaintiff,<br>v.<br>FORD MOTOR COMPANY,<br><br>       Defendant. | CASE NO. 18cv1278 JM(JMA)<br><br>ORDER DENYING MOTION TO REMAND |

Plaintiff Kristi Roehm moves to remand this action to the Superior Court of California for the County of San Diego. Defendant Ford Motor Company ("Ford") opposes the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the court denies the motion to remand.

## BACKGROUND

In a complaint filed on August 28, 2017, in the Superior Court of California for the County of San Diego, Plaintiff alleged five causes of action under the Song–Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 et seq., a sixth cause of action under the Magnuson–Moss Warranty Act, 15 U.S.C. §§ 2301–2312, and a seventh cause of action claiming fraud by omission.[1] (ECF 1). The Complaint alleges that damages exceeded $25,000.

---

[1] The statutory claims are frequently referred to as "lemon laws."

Plaintiff's claims arise from her June 20, 2012 purchase of a 2011 Ford Edge (the "Vehicle"), manufactured by Defendant. Plaintiff alleges that during the warranty period the Vehicle contained or developed defects related to the Vehicle's brake and sync systems. (Compl. ¶8). Allegedly, Ford has been unable to service or repair the Vehicle to conform to applicable express warranties.

On April 24, 2018, Ford made an offer to settle Plaintiff's claims for $75,001. (Notice of Removal ¶18). On May 18, 2018, Plaintiff rejected the offer and, on June 14, 2018, Ford removed the action to this court based upon diversity jurisdiction. Plaintiff now moves to remand the action.

## DISCUSSION

**Legal Standards**

A state court civil action may be removed to federal court if the district court had "original jurisdiction" over the matter. 28 U.S.C. §1441(a). Defendant, as the party who invokes federal removal jurisdiction, has the burden of demonstrating the existence of federal jurisdiction at the time of removal. See Gaus v. Miles, Inc. 980 F.2d 564, 566 (9th Cir. 1992); Visendi v. Bank of America, N.A., 733 F.3d 863, 868 (9th Cir. 2013). Any doubts regarding removal jurisdiction are construed against defendant and in favor of remanding the case to state court. See Gaus, 980 F.2d at 566. The burden of demonstrating subject matter jurisdiction at the time the Notice of Removal is filed remains with defendant. See Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 682-83 (9th Cir. 2006) (defendant retains the burden of establishing federal jurisdiction, including the amount in controversy).

**The Motion to Remand**

Plaintiff contends that Ford fails to satisfy the prerequisites for original diversity jurisdiction under 28 U.S.C. §1332(a): the $75,000 amount in controversy and complete diversity of citizenship. Plaintiff also contends that Ford is judicially estopped from seeking to remove the action and that the Notice of Removal was untimely filed.

The Amount in Controversy

Plaintiff contends that Ford has failed to establish that the amount in controversy exceeds the $75,000 threshold amount required for diversity jurisdiction pursuant to 28 U.S.C. §1332(a). For removal cases, the amount in controversy is determined based upon the complaint at the time of removal. <u>Gaus</u>, 980 F.2d at 566. In the event the initial complaint does not support the amount in controversy required to establish diversity jurisdiction, 28 U.S.C. §1446(c)(3)(A) provides that "other paper" supportive of diversity jurisdiction will trigger the 30-day removal period.

While Ford could have removed the action based upon the federal claims alleged in the complaint, it did not do so.[2] Instead, on April 24, 2018, Ford offered to settle Plaintiff's lemon law claims for $75,001. Upon rejection of the settlement offer, Ford timely removed the action to this court based upon diversity jurisdiction.

Here, as set forth in the Notice of Removal, Ford satisfies the amount in controversy requirement of 28 U.S.C. §1332(a) by showing that Plaintiff rejected the offer to settle Plaintiff's claims for $75,001. See <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>, -– U.S. -–, 135 S.Ct. 547, 552-54 (2014). After rejection of the settlement offer, there is no serious dispute that the amount in controversy exceeds the jurisdictional amount. Without discussing whether the $75,001 amount in controversy is satisfied, Plaintiff generally argues that the settlement offer was unenforceable because the settlement offer was "vague, ambiguous, and invalid." (Motion at p.6:16). Plaintiff contends that the settlement offer was invalid

> because it did not indicate whether Ford would accept liability, did not provide for the entry of judgment, did not indicate whether Plaintiff would be deemed the prevailing party for the purposes of the lawsuit, did not indicate whether Defendant would brand the Vehicle as a lemon (as required under the Song-Beverly Act), did not specify the timing of the exchange, did not specify the timing of payment, and, most important, conditioned the settlement on the acceptance of a vague and ambiguous release whose terms Ford never disclosed.

(Motion at o.6:17-23). These arguments miss the mark. Whether the settlement offer

---

[2] The court notes that the state court complaint alleged that damages exceeded the sum of $25,000. (Compl. ¶11).

constitutes a binding contract is a separate and distinct issue from whether the $75,001 settlement offer satisfies the amount in controversy requirement.[3]

In sum, subject to further showing, the amount in controversy requirement of 28 U.S.C. §1332(a) is satisfied.

### Diversity of the Parties

Plaintiff contends that Ford fails to demonstrate that Plaintiff is a citizen of California, and, therefore, complete diversity is lacking. Plaintiff represents that the complaint "makes no reference to Plaintiff's citizenship or domicile" and simply alleges that Plaintiff is a resident of San Diego County, California. (Motion at p.9:12-13). While residence is not necessarily the same as domicile, the "place where a person lives is taken to be his [or her] domicile until facts adduced establish the contrary." Anderson v. Watt, 138 U.S. 694, 706 (1891).

Here, based upon the Complaint's allegations, the Notice of Removal, and for purposes of the present motion, Plaintiff is a citizen of California and, therefore, the citizenship of the parties is diverse. In the event Plaintiff was not a citizen of California at the time of removal, a simple declaration to that effect would suffice to destroy diversity. However, Plaintiff fails to submit any evidentiary materials suggesting that she is not a citizen of California for diversity purposes.

In sum, subject to a further showing, the parties are diverse.

### Judicial Estoppel

Plaintiff seeks to preclude Ford from removing this action based upon the doctrine of judicial estoppel. Plaintiff contends that in two other lemon law cases, Ford removed the complaints based upon similar amount in controversy allegations, but did

---

[3] To the extent Plaintiff contends that Ford's Notice of Removal must contain evidentiary materials supportive of the amount in controversy, the court rejects that notion because a notice of removal need only "contain[] a short and plain statement of the grounds for removal." 28 U.S.C. §1446(a). When the amount in controversy is challenged, the defendant has the burden to show, "by the preponderance of evidence, that the amount in controversy exceeds" the jurisdictional threshold. 28 U.S.C. §1446(c)(2)(B). In the event discovery reveals that diversity jurisdiction is lacking, Plaintiff may bring an appropriate motion.

not do so here. In the two other cases identified by Plaintiff, Ford removed the actions within 30 days of service of the complaints and alleged that the amount in controversy exceeded $75,000, although the complaint only alleged that damages exceeded $25,000. The court gives short shrift to this argument.

Judicial estoppel, "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." Pegram v. Herdrich, 530 U.S. 211, 227, n. 8 (2000). Because the doctrine "is intended to protect the integrity of the judicial process, it is an equitable doctrine invoked by a court at its discretion." Russell v. Rolfs, 893 F.2d 1033, 1037 (C.A.9 1990).

Here, judicial estoppel is simply not applicable because (1) Ford has not taken inconsistent positions in this case; (2) Ford is entitled to pursue independent litigation strategies in different cases; and (3) Plaintiff fails to identify any prejudice.

In sum, judicial estoppel does not apply under the circumstances of this case.

Timeliness of the Notice of Removal

Plaintiff contends that Ford could have made the "settlement offer at the beginning of the litigation." (Motion at p.12:5). The court rejects this argument because it lacks legal support.

In sum, the court denies the motion to remand.

**IT IS SO ORDERED.**

DATED: September 21, 2018

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties